## MARRIAGE AND JUVENILE DELINQUENCY.

### Juvenile Court of Tuscarawas County.

### STATE OF OHIO V. ROLLIN WILCOX.

#### Decided January 5, 1926.

*Ratification by a Minor of her Marriage—Charge of Juvenile Delinquency Lies Against an Eloping Couple, When.*

1. A marriage contracted in this state, by a female under the age of sixteen years, is void, and remains void, unless confirmed by her by cohabitation, or by some other ratification, at the time, or after she arrives at the age of sixteen years.
2. A female under eighteen years of age, who leaves the home of her parents in this state, for the purpose of marrying a male person twenty-three years of age against the wishes of her parents and without their knowledge and consent, is a juvenile delinquent, and the male person who induced and encouraged her to leave the home of her parents is guilty of contributing towards her delinquency.

*J. E. Patrick,* Prosecuting Attorney, for the State.
*Earl Van Deman,* for the defendant.

LAMNECK, J.

The defendant in this case was arrested on an affidavit, charging him with contributing towards the delinquency of one, Mabel Mellor, a minor of the age of fifteen years, by inducing and encouraging her to leave the home of her parents in this county and conveying her to the city of Delaware, Ohio, for the purpose of marriage, without her parents' knowledge and consent. A plea of not guilty was entered, and on the defendant's demand a trial was had to a jury on December 29, 1926. The jury found the defendant guilty as charged.

The evidence disclosed that the defendant, who is 23 years of age, came to the village of Newcomerstown, in this county, for the purpose of helping to construct a railroad bridge near said village. While there, he became acquainted with a high school grl, by the name of Mabel Mellor, who became sixteen years of age on December 14, 1926. The parents of this girl had been having trouble with her in keeping her off of the streets at night, and she

had been admonished by her father to cease staying out late at night and associating with strangers, or he would ask the juvenile authorities to assist him in controlling her. On November 8, 1926, following a three weeks' acquaintance, the defendant induced and encouraged her to leave the home of her parents, after she had told him of her father's wishes, and go with him to the city of Delaware, Ohio, for the purpose of marriage. The defendant had never seen her parents, and he knew she was only fifteen years of age. They left Newcomerstown about 8 p. m., and arrived in Delaware sometime after midnight. They stayed all night at the home of the defendant's parents. The next day they appeared before the probate court of Delaware county and secured a marriage license by representing to the probate judge of that county that the girl was twenty-two years of age, and that her residence was in Delaware, Ohio. A marriage ceremony was performed the same date, without the knowledge or consent of her parents.

They stayed at the home of the defendant's parents after the marriage ceremony, until November 11, 1926, when she was brought back home by her father. The defendant and she have been separated ever since. In fact, the defendant has been in jail since his arrest on November 13, 1926, due to the fact that he was unable to give a satisfactory recognizance.

This case comes before the court, at this time, on a motion for a new trial. A number of reasons are set forth in the motion, why the conviction should be set aside, but the court is of the opinion that only one is of sufficient importance to be given serious consideration, to-wit:— "The verdict was contrary to law and not supported by the evidence."

In determinng whether the defendant committed an offense, under Section 1654 of the General Code, as alleged in the affidavit and shown by the evidence, two important questions must be considered.

1. Was the defendant legally married to Mabel Mellor?
2. Do the circumstances, under which said marriage

was contracted, whether legal or not, constitute an offense under Section 154 of the General Code?

Section 11181 of the General Code of Ohio, provides that: "Male persons of the age of eighteen years, and female persons of the age of sixteen years, not nearer of kin than second cousins, and not having a husband or wife living, may be joined in marriage. Any such persons under the age of twenty-one years, must first obtain the consent of his or her parents, surviving parent or guardian.".

Section 11181-1, General Code, provides other methods by which consent can be given, but said section is not applicable in this case.

It is well established by the Supreme Court of this state, that marriage is nothing more than a civil contract and may be entered into by all persons not laboring under some disability or incapacity. Want of age is a legal disability, and is sufficient to avoid any kind of a contract. And if any persons under such a legal disability come together, it is not a matrimonial union. But, such a union, while void, may be confirmed by co-habitation, or by other means of ratification, after the minor arrives at the age of consent, and they do not need to be married again. (See *Shaffher* v. *State*, 20 O., 1, and *Holtz* v- *Dick*, 42 O. S., 23).

In the case at bar, the female was only fifteen years of age, at the time the marriage contract was entered into and the evidence is conclusive that they did not live together after the female arrived at the age of sixteen. Neither is there any evidence of any kind showing that the girl confirmed said contract in any other manner after arriving at the age of sixteen years.

The contract being void, for want of capacity of the female, to make it at the time it was made, and the same not having been confirmed by her after arriving at the age of sixteen, it remained void at the time of her trial.

Section 1654, General Code, provides that whoever contributes towards the delinquency of a minor under eighteen years of age, shall be punished as therein provided. Section 1645 defines the term delinquent child and so far as it relates to this case, includes any child under eighteen years of age, when:

1.  It violates a State Law.
2.  It is incorrigible.
3.  It wanders about the streets in the night time.

The marriage relation entered into by these parties, being illegal, the circumstances leading up to its formation would surely indicate delinquency on the part of the female. She wandered about the streets in the night time, against the expressed wishes of her father. This fact, together with the fact that she left home, without her parents' knowledge and consent made her incorrigible. The fact that the defendant induced and encouraged her to leave the home of her parents and, in fact, took her away, would make him gulty of contributing towards her delinquency.

Even if the marriage relation in this case was legal, at the time it was consummated, the court would arrive at the same conclusion. The fact that a female is married, does not make her immune to the Juvenile laws, if she is under eighteen years of age. The statute includes any child under eighteen years, whether married or not.

If a child under eighteen years, leaves the home of her parents against the express wish of her father and without the knowledge and consent of her parents, for the purpose of contracting marriage, and the person whom she marries induces and encourages her to do so, she is a delinquent child and the party whom she marries is guilty of contributing towards her delinquency.

It should also be noted that the female in this case violated a state law, when she falsified her age to the Probate judge of Delaware county, and that the defendant sat by and made no effort to correct this misrepresentation, although he knew that she was only fifteen years of age. While this occurred in Delaware county, the court believes that it is a circumstance to be given consideration in relation to the offense that occurred in this county, viz: that of inducing and encouraging the female to leave the home of her parents without their knowledge and consent.

The motion for a new trial is, therefore, overruled.